SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

---

|  |  |  |
|---|---|---|
| PAUL T. VINK, | : | Index No.: **500426/2020** |
| Plaintiff, | : |  |
| -against- | : | **VERIFIED COMPLAINT** |
| | : | |
| ALLY FINANCIAL, INC., | : | |
| Defendant. | : | |

---

PAUL T. VINK, by his attorneys, Paul T. Vink, PC, as and for his verified complaint in this matter, alleges as follows:

1)      Plaintiff is an individual resident of the Town of Southeast, County of Putnam, with a residence at 1 Lyons Farm Court, Brewster, New York 10509.

2)      Defendant, Ally Financial, Inc., is a Delaware corporation authorized to do business in the State of New York, with an address at 500 Woodward Avenue, Detroit, MI 48226.

## NATURE OF THE ACTION

3)      This action seeks a declaratory judgment against Defendant and an Order of the Court directing that Defendant rescind, recall, and cancel a certain 1099-C improperly allegedly issued by Defendant in 2017, without authority, legal basis, or factual basis, and seeks damages against Defendant for attorneys' fees, costs, and disbursements for the improperly issued 1099-C.

## BACKGROUND FACTS

4)      In January, 2007, Plaintiff was the co-signer on a GMAC automobile (the "Vehicle") purchased by Tammco, Ltd ("Tammco") and financed through GMAC Finance.

5)      Over the next few years, Tammco failed to make payments on the Vehicle, and was sent various default notices.

6)      On or about July 3, 2009, the Vehicle was repossessed by GMAC.

1

7)   At the time of the repossession, GMAC had actual knowledge of Plaintiff's proper mailing address.

8)   Plaintiff did not receive notice of the intention of GMAC to sell the Vehicle.

9)   Plaintiff did not receive notice of an alleged deficiency after the sale of the vehicle.

10)   Despite having actual knowledge of Plaintiff's address, the information having been provided on the financing application, upon information and belief, notices were sent exclusively to the company at addresses not used by Plaintiff, to wit:  162 E. Main St., Brewster, NY 10509 and 2442a Route 6, Brewster, NY.

11)   Upon information and belief, the Vehicle was sold by GMAC at a private sale, without notice to Plaintiff.

12)   In selling the vehicle at a private sale, upon information and belief GMAC did not properly mitigate its damages, and accordingly was never entitled to seek recovery from Plaintiff of any alleged deficit.

13)   On September 24, 2010, attorneys for GMAC, Rubin & Rothman, LLC, sent correspondence to Plaintiff, at his proper address, demanding payment of an alleged deficiency.

14)   Plaintiff disputed the claims, and by correspondence of October 4, 2010, Plaintiff demanded verification of the claim, evidence of the underlying amounts claimed due, evidence of service of the notice of sale, valuations of the vehicle, and copies of all contracts.

15)   GMAC's attorney never responded to the request for documents and information.

16)   Upon information and belief, in 2017 Defendant Ally Financial filed a 1099-C with the IRS claiming forgiveness of debt to me in the amount of $26,018.00.

17)   The filing of the 1099-C by Defendant was improper and fraudulent.

18)   Plaintiff was never sent a copy of 1099-C filed by Defendant.

2

19)    Prior to notification from the IRS of the filing (and claim of tax underpayment for failure to declare the income of which Plaintiff had no knowledge), Plaintiff had never heard of or had any dealings with Defendant.

20)    Plaintiff received no communication, correspondence, or demand from Defendant prior to Defendant filing the fraudulent 1099-C.

21)    Defendant is a stranger to Plaintiff, and Plaintiff never owed Defendant a debt which could have been forgiven.

22)    Upon information and belief, Defendant also filed a 1099-C for the same debt against Tammco, Ltd, the proper debtor (to the extent any debt was owed).

23)    The filing of duplicate 1099-C's for the same obligation constitutes fraud and evidences that the proper debtor is the company first listed on the agreement.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment-Punitive Damages)**

24)    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 23 as if fully set forth herein at length.

25)    At all times, Plaintiff challenged the assertion of any obligation to GMAC.

26)    Plaintiff was not served with proper notices of sale or amounts due, and therefore no obligation was due and owing to GMAC.

27)    To the extent there was any claim by GMAC, that claim accrued upon the sale of the Vehicle on August 25, 2009.

28)    The time for GMAC to commence litigation to establish the veracity of the claim for amounts due expired on August 25, 2015.

29)    GMAC never commenced litigation to enforce any claim, and Plaintiff at all times denied any liability.

3

EXHIBIT A

30)    Because there was no valid obligation due, there was no debt to forgive.

31)    The issuance of the 1099-C in 2017 by Defendant, a stranger to Plaintiff, was invalid, as there was no underlying debt.

32)    Plaintiff therefore demands an order of this Court finding that the 1099-C issued by Defendant was improper, and further directing Defendant to rescind the 1099-C and file the appropriate cancellation and rescission with the Internal Revenue Service and any other appropriate taxing authority.

33)    Plaintiff further requests an award of costs, disbursements, and attorneys' fees against Defendant in an amount to be determined by the Court based on the conduct of Defendant in refusing to undertake these actions prior to commencement of this litigation.

34)    Upon information and belief, in the regular course and conduct of business, Defendant engages in similar conduct against the public at large, taking improper deductions and filing damaging and false documents with the Internal Revenue Service and other taxing authorities.

35)    This conduct by Defendant is patently improper, reprehensible, without basis, and aimed at the public.  Plaintiff therefore demands an award of punitive damages of no less than one million dollars ($1,000,000.00) against Defendant.

## SECOND CAUSE OF ACTION
### (Fraud-Punitive Damages)

36)    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 35 as if fully set forth herein at length.

37)    This issuance by Defendant of the 1099-C to Plaintiff was without basis as there was no underlying obligation.

38)     The issuance by Defendant of the 1099-C to Plaintiff was without basis as it was duplicative of one issued to the corporate obligor, thereby knowingly constituting "double dipping" by Defendant.

39)     The issuance by Defendant of the 1099-C to Plaintiff was done intentionally without providing Plaintiff the opportunity to challenge the underlying facts upon which it was based.

40)     The issuance by Defendant of the 1099-C to Plaintiff was done with the knowledge that the underlying debt was uncollectable.

41)     Accordingly, Defendant's issuing the 1099-C to Plaintiff constituted a fraudulent action.

42)     Plaintiff has been damaged by the fraudulent action of Defendant in an amount to be determined by the Court, including costs for account fees in dealing with the IRS and New York State Department of Taxation and Finance, costs, disbursements, attorneys' fees, and other damages to be proven at trial.

43)     Plaintiff is further entitled to an award of punitive damages against Defendant based on its fraudulent conduct in an amount to be determined by the Court of not less than one million dollars ($1,000,000.00).

**WHEREFORE**, Plaintiff demands judgment as follows:

(a)     On the first cause of action, an Order of the Court declaring that the 1099-C was improperly issued and directing Defendant to rescind/cancel the 1099-C issued, and grant Plaintiff damages to be determined by the Court, including costs, disbursements, and attorneys fees, plus an award of punitive damages of at least one million dollars ($1,000,000.00);

EXHIBIT A

(b)     On the second cause of action, granting Plaintiff an award of damages to be determined by the Court based on the fraudulent actions of Defendant, including costs, disbursements, and attorneys' fees, plus an award of punitive damages of at least one million dollars ($1,000,000.00); and

(c)     Granting Plaintiff such other, further, and different relief as the Court may deem just and proper.

Dated: White Plains, NY
March 18, 2020

**PAUL T. VINK, P.C.**

By: _____
        Paul T. Vink
200 Mamaroneck Avenue, Suite 500
White Plains, NY  10601
914-262-3584
paul.vink@vinklaw.com

6

EXHIBIT A

## VERIFICATION

STATE OF NEW YORK            )
                                          ) ss.:
COUNTY OF WESTCHESTER        )

PAUL T. VINK, being duly sworn, deposes and says:

I am the plaintiff in the within action.  I have the foregoing Verified Complaint and knows the contents thereof; that the same is true to my own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
PAUL T. VINK

Sworn to before me this
_____ day of March, 2020

_____
Notary Public
FRANCES SAPERE
Notary Public. State of New York
No. 01SA4906542
Qualified in Westchester County
Commission Expires 04/11/20 22

7

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
-------------------------------------------------------------
PAUL T. VINK,

                            Plaintiff,

        -with-

ALLY FINANCIAL INC.,

                       Defendants.
------------------------------------------------------------- X

Index No. 500426/2020
Date Filed: 3/18/2020

**SUMMONS**

Plaintiff designates Putnam
County as the place of trial

The Basis of Venue is
Plaintiff's Residence

TO THE ABOVE NAMED DEFENDANT:

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  White Plains, New York
       March 18, 2020

                                 **PAUL T. VINK, P.C.**
                                 Attorneys for Plaintiff

                                 By: _____
                                     Paul T. Vink
                                 200 Mamaroneck Avenue, Suite 500
                                 White Plains, NY 10601
                                 (914) 262-3584
                                 paul.vink@vinklaw.com

TO:
Ally Financial Inc.
500 Woodward Ave.
Detroit, MI 48226

c/o CT Corporation System
28 Liberty St.
New York, NY 10005

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** PUTNAM
-------------------------------------------------------------------X

PAUL T. VINK

Plaintiff/Petitioner,

- against -                                        Index No. 500426/2020

ALLY FINANCIAL INC.

Defendant/Respondent.

-------------------------------------------------------------------X

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and
>
> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

Page 1 of 2                                        EFM-1

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated:   3/18/2020

PAUL T. VINK
          Name

PAUL T. VINK, PC
          Firm Name

200 MAMARONECK AVE.

WHITE PLAINS, NY 10601
          Address

914-262-3584
          Phone

PAUL.VINK@VINKLAW.COM
          E-Mail

To:   ALLY FINANCIAL

      C/O CT CORPORATION SYST

      28 LIBERTY ST., NY, NY 10005

2/24/20

Index   #                      Page 2  of 2                      EFM-1

EXHIBIT A